IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

TAMMY DOOLEY,

               Plaintiff,

   v.

MARTIN O'MALLEY, Commissioner of
Social Security,

               Defendant.

**8:22CV334**

**MEMORANDUM
AND ORDER**

This matter is before the Court on plaintiff Tammy Dooley's ("Dooley") Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b) (Filing No. 26). Represented by Kimberly Schram ("Schram") and Wes Kappelman ("Kappelman" and together, "counsel"), Dooley reports she has been awarded disability benefits under Title II of the Social Security Act (the "Act"), 42 U.S.C. § 401 *et seq.*, and her "counsel seek approval to charge and collect a fee." Dooley and her counsel executed a contingent fee agreement in August 2022 (Filing No. 26-1), in which she authorizes "the Social Security Administration to pay [her] attorneys their fee directly from [her] past due benefits."

Section 406(b) authorizes the Court to award reasonable attorney fees as part of a favorable judgment on a claim for disability benefits under the Act. Any such fee award should not exceed "25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." *Id.* § 406(a). A fee award under § 406(b) generally precludes other fee awards for the same representation. *Id.* § 406(b).

Defendant Martin O'Malley, the Commissioner of Social Security ("Commissioner"),[1] states (Filing No. 27) he "neither supports nor opposes" Dooley's

---

[1]The Commissioner succeeded then-Acting Commissioner Kilolo Kijikazi on December 20, 2023, and was automatically substituted as the defendant in this case

request for attorney fees.  Noting that counsel are "the real parties in interest" to the request for fees and that he has no financial stake in the matter, the Commission emphasizes that the Supreme Court has described the Commissioner's "part in the fee determination [as] resembling that of a trustee for the claimants." *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002).  With that, he reiterates it is up to the Court to decide if the fee request is reasonable based on factors identified by the Supreme Court.  *See id.* at 807-09; *Jones v. Berryhill*, 699 F. App'x 587, 588 (8th Cir. 2017) (unpublished per curiam) (remanding where the district court failed to do the review required by *Gisbrecht*).

On May 9, 2023, the Court determined Dooley was a prevailing party in this case and awarded her attorney fees of $3,070.86 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) (Filing No. 24).  Dooley now requests a fee award of $3,747 under § 406(b).  That amount represents 25% of Dooley's total past-due benefits ($10,947), less $7,200 Schram is reportedly seeking under § 406(a) for work performed before the Social Security Administration.  The time records attached to Dooley's request (Filing No. 26-3) indicate her counsel spent 12.8 hours on this case before the Court, which yields a hypothetical reimbursement rate of $292.73 per hour.

Dooley contends this is a reasonable fee under *Gisbrecht* due to the contingent nature of the fee agreement in this case and the risk of her counsel not getting paid.  Dooley further highlights Schram and Kappelman's "extensive experience in this area at all levels between them" and their success on her behalf.

The Court may order that any attorney fees awarded under § 406(b) be paid directly to counsel.  *See Astrue v. Ratliff*, 560 U.S. 586, 595 (2010) (citing 42 U.S.C. § 406(b)(1)(A)); 20 C.F.R. § 404.1720(b)(4).  Dooley's counsel request that payment be sent to Schram for distribution.  Counsel state that Schram will reimburse Dooley for the $3,070.86 EAJA award upon payment of the $3,747 requested under § 406(b).  *See*

---

pursuant to Federal Rule of Civil Procedure 25(d).  The Clerk of Court is directed to update the docket sheet.

*Gisbrecht*, 535 U.S. at 796 (discussing the reimbursement requirement). Schram will then disburse Kappelman's share of the § 406(b) award.

Having carefully conducted the requisite review, the Court finds Dooley's requested fee award is fair and reasonable under the circumstances. *See Gisbrecht*, 535 U.S. at 807-08. Her counsel diligently obtained a favorable judgment for her in a case that was not without some twists and turns. Dooley's contingent-fee agreement with her counsel also left her counsel with a real risk of nonrecovery in this case. *See id.*

In light of the foregoing,

IT IS ORDERED:

1.  Plaintiff Tammy Dooley's Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b) (Filing No. 26) is granted.

2.  Dooley is awarded attorney fees in the amount of $3,747.

3.  The Social Security Administration shall send payment in that amount from Dooley's past-due benefits to attorney Kimberly Schram at her address of record.

4.  Schram shall then refund to Dooley the $3,0070.86 EAJA fee award and disburse to attorney Wes Kappelman his portion of the § 406(b) award.

5.  A separate judgment will issue.

Dated this 8th day of March 2024.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge